UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON PAUL CHESTER,<br><br>              Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF STATE,<br><br>              Defendants. | CASE NO. 3:23-cv-05367-DGE<br><br>ORDER ON MOTION TO RECUSE |

    This matter is before the Court on Plaintiff Jason Paul Chester's motion to recuse Chief Judge David Estudillo (Dkt. No. 46) and Judge Estudillo's order denying and referring the motion to recuse (Dkt. No. 48). Having reviewed Mr. Chester's motion, Judge Estudillo's order denying the recusal request, an April 18, 2024 email filed by Mr. Chester (Dkt. No. 47), Mr. Chester's filing to the undersigned judge (Dkt. No. 54), and the relevant record, the Court AFFIRMS Judge Estudillo's order denying the motion to recuse.

## I. BACKGROUND

On April 18, 2024, Mr. Chester filed a motion to recuse Judge David Estudillo (Dkt. No.46) along with an email exchange he had with a court staff member (Dkt. No. 47). On April 22, 2024, Judge Estudillo declined to voluntarily recuse and referred the motion to this Court for decision. Dkt. No. 48 at 1, 3.

## II. LEGAL STANDARD

Local Civil Rule ("LCR") (3)(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, the judge must direct the court clerk to refer the motion to the chief judge for their review. *Id.* If the motion is directed at the chief judge, or if the chief judge (or their designee) is unavailable, the clerk must refer the motion to the active judge with the highest seniority. *Id.*

28 U.S.C. § 455(a) provides that judges of the United States "shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." The statute further provides that judges must recuse "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires recusal when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." The standard for recusal under both statutes is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal citation omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783

F.2d 934, 939 (9th Cir. 1986) (internal citation omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion.") (internal citation omitted).

### III.  DISCUSSION

As an initial matter, this motion is before this Court because Chief Judge David Estudillo referred the motion pursuant to Local Civil Rule 3(f).[1] Dkt. No. 48 at 1, 3.

In seeking Judge Estudillo's recusal, Mr. Chester states as examples of "[f]acts substantiating [Judge Estudillo's] . . . bias and [ ] lack of impartiality": the granting of a hearing on Defendants' motion to dismiss when Plaintiff was not granted a hearing and talks between Defendant's counsel and a member of the court staff without Plaintiff. Dkt. No. 46 at 2. Plaintiff asserts that Judge Estudillo granting a hearing to Defendant but not Plaintiff gives rise to an appearance of bias. Dkt. No. 47 at 1.

The Court accepts for the purpose of this Order Plaintiff's representation that a court staff member had a discussion with defense counsel without including Plaintiff. While Plaintiff has not provided any further information about the context for the communication or how it occurred, the communication at issue here appears to have been about scheduling a hearing in the case. The best practice would be for counsel to try to arrange for the opposing side to also be on the phone when contacting court staff or copying the opposing side in an email in any communication with court staff. Nevertheless, Plaintiff asserts that Judge Estudillo is biased because Defendant was granted a hearing when Plaintiff was not. Dkt. No. 46 at 2. But Judge

---

[1] Plaintiff filed a notice of appeal of Judge Estudillo's order denying the motion to recuse. Dkt. No. 49. First, Judge Estudillo's order is not a final order as the local rules require a second review of all recusal orders. LCR 3(f). Second, "a judge's decision not to disqualify his or her self 'cannot be appealed until a direct appeal is taken from a final decision adverse to the moving party.'" *Thompson v. Commissioner of Internal Revenue*, 742 Fed. Appx. 316, 317 (9th Cir. 2018) (quoting *In re Horton*, 621 F.2d 968, 970 (9th Cir. 1980)); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1023–25 (9th Cir. 1981) (declining to permit an immediate appeal of an order granting recusal).

Estudillo set a hearing for both Defendant's and Plaintiff's motions. *See, e.g.*, Dkt. No. 44. In addition, Judge Estudillo noted that the hearing that was scheduled is "intended to be a general status hearing on the case, rather than a substantive discussion of the merits of either motion." Dkt. No. 48 n.2. Notice of the hearing was put on the public docket. Dkt. No. 44. Judge Estudillo has merely scheduled a status conference in this case, at which both parties will be allowed to speak. Status conferences are standard hearings that occur in many cases. The mere scheduling of such a conference does not demonstrate any bias.

### IV.   CONCLUSION

Having considered Mr. Chester's arguments in support of recusal and finding them without merit, this Court AFFIRMS Judge Estudillo's order denying Mr. Chester's motion to recuse.

Dated this 7th day of May 2024.

Tana Lin
United States District Judge