UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON PAUL CHESTER,<br><br>                              Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF STATE et al.,<br><br>                              Defendant. | CASE NO. 3:23-cv-05367-DGE<br><br>ORDER ON MOTION TO DISMISS (DKT. NO. 40) |

## I.  INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss.  (Dkt. No. 40.) For the reasons discussed below, the Court GRANTS the motion.

## II.  BACKGROUND

**A.  Facts**

The following facts are taken from the Complaint (Dkt. No. 8) and are presumed true for the purposes of this motion.

Plaintiff "submitted an application for a passport on or about February of 2022." (*Id*. at 4.) The application was "submitted and processed at [the] Pierce [C]ounty auditor office[.]" (*Id*.) "Payment for [the] passport was processed on March 29, 2022 . . . [and] $130.00 U.S. dollars was deducted from [Plaintiff's] [b]ank account." (*Id*.)

Plaintiff "was informed by [the] Pierce [C]ounty Auditor when [the] application for [his] passport was submitted that everything [was] in order." (*Id*.) Per the Pierce County Auditor, "[a]ll requirements for receiving a passport were met[.]" (*Id*.) Plaintiff's "[a]pplication for [a] passport was [later] approved, according to the U.S. Department of State passport status page." (*Id*.)

As listed on the U.S. State Department's passport status page, Plaintiff was due to receive his passport on or around June 26, 2022. (*Id*.) However, the "[p]assport was never received." (*Id*.) Instead, a Plaintiff only received a "[m]anila envelope—unopened." (*Id*.) This envelope "was from the National Passport Center" and contained Plaintiff's certified birth certificate "and [n]othing else." (*Id*. at 5.)

Plaintiff made numerous queries about the passport's whereabouts "[a]fter the expected date of passport arrival," including letters to Defendant Blinken and the Bureau of Consular Affairs. (*Id*.) Plaintiff in turn received two letters from the National Passport Center; both letters "contained a request to submit an application for a passport (DS-11) and 'Lost or Stole[n] passport' (DS-64 report." (*Id*.) Plaintiff submitted numerous "Lost or Stolen" DS-64 reports to the National Passport Center and U.S. Department of State. (*Id*.) He explicitly stated in every report submitted that his passport was never lost or stolen and that he was only completing the form "as instructed to do." (*Id*.) In response to his DS-64 Lost or Stolen passport forms, he

received a letter dated March 23, 2023 from the U.S. Department of State; the letter confirmed his travel document was lost and informed him it was now invalid. (*Id*. at 6.)

Plaintiff "was expecting to travel to Indonesia for personal reasons and thereafter, Saudi Arabia for the annual pilgrimage (Hajj) to [M]ecca." (*Id*.)

After receiving the March 23, 2023 letter, Plaintiff filed a mail fraud complaint with the United States Postal Inspection Service. (*Id*.) He stated in the mail fraud complaint, "[p]assport was never lost or stolen. It was just never sent to me. Which was on purpose. That was part of the scheme devised to trick me into paying passport fees already paid. U.S. mail was used to effectuate this scheme." (*Id*.)

**B. Procedural History**

On April 24, 2023, Plaintiff filed an application to proceed in forma pauperis, which he later corrected. (Dkt. Nos. 1, 5.) United States Magistrate Judge Grady J. Leupold granted the corrected application (Dkt. No. 7) and Plaintiff filed his Complaint on June 14, 2023 (Dkt. No. 8.)

On September 22, 2023, the Clerk of the Court issued a summons. (Dkt. No. 13.) On October 17, 2023, the Court entered an order to show cause, instructing Plaintiff to show cause "as to why this matter should not be dismissed without prejudice for failure to timely effectuate service." (Dkt. No. 16.) Plaintiff responded, indicating he had tried to serve Defendants but was unable to do so. (Dkt. No. 17.) Upon motion from Plaintiff (Dkt. No. 14), the Court issued an order directing service of the Complaint by United States Marshals upon the named defendants (Dkt. No. 21). The Marshals effected service on November 28, 2023. (Dkt. No. 33.)

On February 15, 2024, Plaintiff filed a motion for subpoena duces tecum, requesting documents supporting the denial of his passport.  (Dkt. No. 36.)  On March 21, 2024, Defendants filed a notice of appearance and filed the instant motion to dismiss.  (Dkt. Nos. 38, 39, 40.)

The Court held a hearing on May 24, 2024 to discuss the status of the case.  (Dkt. No. 64.)  At the hearing, Plaintiff confirmed he received his passport in the mail and Defendants confirmed the passport was a valid travel document.  (*Id.*)

### III.   DISCUSSION

**A.  Legal Standard**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

Courts hold pro se pleadings "to less stringent standards than normal pleadings drafted by lawyers."  *Isaacson v. Sec'y of Hous. & Urb. Dev.*, 2017 WL 1364559, at *2 (W.D. Wash. Apr.

14, 2017). Nonetheless, "this does not preclude dismissal where a liberal construction does not remedy the palpable deficiencies in the complaint." (*Id*.)

**B. Merits**

The Complaint states it "is brought [p]ursuant to [the] Administrative Procedures Act (APA)." (Dkt. No. 8 at 1.) The Complaint requests the Court: (1) enjoin Defendant Blinken from refusing to issue the passport, (2) declare Defendant State Department to be in violation of the United States federal law concerning mail fraud, citing 18 U.S.C. § 1341, (3) enjoin Defendants from restricting Plaintiff's right to travel, citing the Fourteenth Amendment, the Universal Declaration of Human Rights, and *Kent v. Dulles*, 357 U.S. 116 (1958), and (4) enjoin Defendants from designating Plaintiff's passport as restricted for travel, citing 22 U.S.C. § 211(a). (*Id*. at 7.)

Defendants argue Plaintiff's APA claims of violations of mail fraud, right to travel, and Passport Act theories all fail. (Dkt. No. 40 at 2.) Plaintiff responds that the "time allotted for bringing of 'Defenses and Objections' under Rule 12 of the Federal Rules of Civil Procedure have [sic] elapsed." (Dkt. No. 41 at 1.) He notes service by the U.S. Marshals was executed and completed on November 11, 2023 and December 6, 2023, but that Defendants' motion to dismiss was filed on March 21, 2024. He asserts this is a 106- and 114-day delay. (*Id*.)

It is correct that Defendants' motion to dismiss should have been filed within 21 days of service and that their motion is untimely. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) and (b). However, a court "may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion." *Logan v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp.2d 1166 (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Such a dismissal "may be made without notice where the claimant cannot possibly win relief." *Omar*, 813 F.2d at 991. And, even if a

1  default had been entered for failing to timely file an answer, a court is still required to evaluate
2  the merits of any defaulted claim prior to entering a default judgment. *Eitel v. McCool*, 782 F.2d
3  1470, 1471–72 (9th Cir. 1986). Accordingly, the Court exercises its discretion to review the
4  merits of the claim(s) alleged in Plaintiff's Complaint.

5  The Complaint asserts an APA claim brought specifically under 5 U.S.C. § 702. (Dkt.
6  No. 8 at 1.) Section 702 states in part: "A person suffering legal wrong because of agency
7  action, or adversely affected or aggrieved by agency action within the meaning of a relevant
8  statute is entitled to judicial review thereof."

9  "When a plaintiff asserts an APA claim, the court must determine whether the plaintiff
10 has identified a final agency action subject to judicial review." *Juliana v. United States*, 339
11 F.Supp.3d 1062, 1081 (D. Oregon Oct. 15, 2018); *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871,
12 882 (1990). The APA is the vehicle for "seeking nonmonetary relief against legal wrongs for
13 which governmental agencies are accountable." *Id*. at 1083.

14 The Complaint appears to assert Defendants denied or refused to issue Plaintiff a passport
15 and that this decision was a final agency action in violation of 22 U.S.C. § 211(a). However, the
16 Complaint does not specifically identify that Defendants are unwilling to issue Plaintiff a
17 passport. (*See* Dkt. No. 8.) It alleges the passport was never delivered to Plaintiff and that the
18 failure to deliver the passport was part of a scheme to make Plaintiff pay additional passport fees.
19 (*Id*. at 6.) In addition, at this point Plaintiff acknowledges having received his passport and
20 Defendants have identified there are no restrictions on Plaintiff's use of his passport. (Dkt. No.
21 64.) Thus, the only final agency action that has occurred is the issuance of Plaintiff's passport.
22 This means Plaintiffs requests to enjoin Defendants from denying Plaintiff the issuance of a

passport and to enjoin Defendants from placing travel restrictions on him are now MOOT. At this point, there is no final agency action for this Court to review.

Moreover, to the extent Plaintiff alleges Defendants violated the Mail Fraud Act, 18 USC § 1341, the Mail Fraud Act is a criminal statute and "does not create a private right of action[.]" *Swango v. Nationstar Sub1, LLC*, 292 F.Supp.3d 1134, n. 4 (D. Oregon, 2018). Nor does the Complaint identify how Defendants violated the Mail Fraud Act. Again, the Complaint only conclusively states Defendants' failure to deliver Plaintiff his passport "was part of a scheme devised to trick [Plaintiff and that] U.S. mail was used to effectuate this scheme." (Dkt. No. 8 at 6.)

The Complaint also makes passing mention of the Fourteenth Amendment, Section I, and appears to assert it in reference to an alleged violation of Plaintiff's right to international travel. (*Id*. at 7.) However, the "Fourteenth Amendment applies to the states, and actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment." *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973); *Life Savers Concepts Ass'n of Cal. v. Wynar*, 387 F.Supp. 3d 989, 997 (N.D. Cal. 2019).

## IV.   CONCLUSION

Because the Court concludes the specific relief Plaintiff seeks is now MOOT and because the Complaint otherwise fails to state a claim for relief, the Court hereby ORDERS:

1. Defendants' motion to dismiss (Dkt. No. 40) is GRANTED.
2. Plaintiff's Administrative Procedure Act and Fourteenth Amendment claims are DISMISSED with prejudice while all other claims are DISMISSED without prejudice.
3. Plaintiff's pending motion for subpoena duces tecum (Dkt. No. 36) is DENIED.

Dated this 10th day of June 2024.

David G. Estudillo
United States District Judge